UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANSARULLAH & DAPHNE DAWOUDI, on behalf of themselves and a class, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 16-cv-2356 |
| NATIONSTAR MORTGAGE, LLC, | ) ) | Judge John W. Darrah |
| Defendant. | ) ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiffs Ansarullah and Daphne Dawoudi ("Plaintiffs") have filed a Motion to Stay All Proceedings in Light of Pending Appeal in a Related Action [27]. For the reasons set forth below, Plaintiffs' Motion [27] is granted. In addition, the Defendant's Motion to Dismiss [19] is denied without prejudice with leave to refile pending the outcome of the appeal.

### BACKGROUND

Plaintiffs brought this class action against Defendant for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.* Plaintiffs contend that the Defendant violated the FDCPA by alleging in a state-court foreclosure complaint that Plaintiff Ansarullah Dawoudi is "claimed to be personally liable for the deficiency, if any," despite knowing that the FHA [Federal Housing Administration ("FHA")], which insured the Plaintiffs' loan, had a longstanding policy of not authorizing lenders to pursue deficiency judgments when the borrower, like Plaintiffs, defaulted due to financial hardship.

Plaintiffs seek to stay this matter, including briefing on the pending motion to dismiss (Dkt. No. 19), in light of the pending consolidated appeal in the cases of *Heng v. Heavner Beyers Mihlar, LLC*, No. 16-1668 (7th Cir.) (N.D. Ill. Case No. 1:15-cv-8454,

Norgle, C.); *Gierke v. Codilis and Associates*, No. 16-2051 (7th Cir.) (N.D. Ill. Case No. 1:15-cv-11618, Gettleman, J.)); and *Zuniga v. Pierce and Associates*, No. 16-2052 (7th Cir.) (N.D. Ill. Case No. 1:16-cv-1897 (Shadur, J.). The issue presented in the pending appeal involves whether plaintiffs, there, alleged that a state-court foreclosure complaint filed against them violated the FDCPA because it alleged that they were "claimed to be personally liable for [a] deficiency" when the FHA, the insurer of the loans, had not and would not as a matter of policy request or authorize the lenders to pursue a deficiency judgment against them. Plaintiffs in the appeal, just as in this case, allege the statement in each state-court foreclosure action is false, misleading, or deceptive in violation of the FDCPA.

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In deciding whether to enter such a stay, courts consider the following factors: (i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court. *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009) (citing *Tap Pharmaceutical Prods., Inc. v. Atrix Laboratories, Inc.*, 2004 WL 422697, at *1 (N.D. Ill. Mar. 3, 2004)). A court has broad discretion in exercising its authority to stay. *In re Groupon Derivative Litig.*, 882 F. Supp. 2d 1043, 1045-46 (N.D. Ill. 2012) (citing *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995)).

## ANALYSIS

Applying these guidelines here, the Motion is granted. A stay will simplify the litigation. In this case, Plaintiffs complain that the use of a complaint seeking a deficiency judgment is false or misleading in violation of the FDCPA because the FHA had not and would not as a matter of policy request or authorize the lenders to pursue a deficiency judgment against them. That is the central issue being considered in the pending consolidated appeal. A ruling reversing and remanding the three cases on appeal will simplify the issues in the instant matter as the opinion of the Court of Appeals will be instructive to the parties in focusing discovery and in briefing and to the court in making its decisions. Because any ruling affirming the dismissals in those cases would be dispositive here, a stay is appropriate in this case. In addition, a stay would preserve the resources of the parties and reduce the burden of litigation on the court.

Defendant argues that a stay will not simplify the issues presented in this matter and will not reduce the burden of litigation on the parties. Defendant claims that because the cases in the consolidated appeal were dismissed, this Court will also dismiss the Plaintiffs' claims presented here. This argument is without merit. Granting a dismissal in this case would not result in any quicker resolution of this case if the Seventh Circuit remands the pending appeal. Moreover, if the Seventh Circuit reverses the cases, a stay will have saved not only the parties' resources but the Court's as well.

Finally, Defendant's argument that it may hinder its ability to proceed with the foreclosure proceedings because "[i]t is a well known tactic of foreclosure defendants to try and use separate litigation to stall or delay foreclosure proceedings" is purely speculative. Defendant has not demonstrated how it would be prejudiced. The Court cannot say with certainty that the Defendant would be unduly prejudiced if a stay is entered.

Because a decision in the pending appeals would potentially be entirely dispositive of this case and, at a minimum, simplify the issues for the parties and the Court, the stay requested by Plaintiffs is warranted in this case. The Motion to Stay is granted. Defendant's Motion to Dismiss is denied without prejudice with leave to refile pending the outcome of the appeal.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Stay [27] is granted. Defendant's Motion to Dismiss [19] is denied without prejudice with leave to refile pending the outcome of the appeal.

Date:   9/16/16

JOHN W. DARRAH
United States District Court Judge